IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:02CR296 |
| | ) | |
| v. | ) | |
| | ) | |
| LUIS PEREZ, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on defendant Luis
Perez's ("Perez") petition for writ of error coram nobis to
withdraw plea of guilty and vacate judgment (Filing No. 34).
Perez alleges that his attorney failed to inform him of the
immigration consequences of pleading guilty to federal drug
charges and he is thus entitled to such relief (Filing No. 34).
Upon reviewing the petition, supporting brief, opposing brief,
and the relevant law, the Court finds the petition should be
denied.

**I.      STANDARD OF REVIEW**

A writ of error coram nobis is an "extraordinary remedy
available only under circumstances compelling such action to
achieve justice" or to correct errors "of the most fundamental
character." *United States v. Morgan*, 346 U.S. 502, 511 (1954).

**II.     BACKGROUND**

On or about September 18, 2002, a federal grand jury
sitting in the District of Nebraska returned a single-count

indictment charging Perez, a native and citizen of Mexico who had been a lawful permanent resident of the United States since March 9, 1997, with conspiracy to distribute and possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine.  On August 4, 2005, Perez appeared for initial appearance and arraignment in front of the Honorable Thomas D. Thalken, United States Magistrate Judge, and entered a plea of not guilty.

Perez appeared before this Court on December 21, 2005, and requested new counsel be appointed.  The motion was granted and Mr. Michael L. Smart was appointed to represent Perez.  On March 10, 2006, in accordance with a plea agreement with the United States wherein the Indictment was amended to a charge of conspiracy to distribute 500 grams or more of cocaine, Perez pled guilty to count I of the Indictment.  The government informed the Court that as part of the plea agreement, Perez's two prior distribution charges pending in Wyandotte County, Kansas, would be dismissed provided that Perez receive a sentence between 70 and 87 months.

This Court deferred accepting the plea agreement pending review of the requested Presentence Investigation Report. Perez appeared before this Court again on May 26, 2006, and was sentenced to 70 months incarceration to be followed by a 5 year term of supervised release and a $100 special assessment.  No

-2-

direct appeal was taken and no motion under 28 U.S.C. § 2255 has been filed.

Perez was released from Bureau of Prisons custody on July 12, 2010. Perez is now subject to automatic deportation pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) ("Any alien who at any time after admission has been convicted of a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States or a foreign country relating to a controlled substance . . . other than a single offense involving possession for one's own use of 30 grams or less or marijuana, is deportable.") Further, Perez has been charged as a removable alien pursuant to Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act, as amended, as being an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude. Perez is currently in the custody of the Department of Homeland Security, Immigration and Customs Enforcement in Morgan County, Missouri. On September 9, 2010, Perez filed this petition in this Court.

III.     DISCUSSION

To establish a claim of ineffective assistance of counsel under the Sixth Amendment, Perez must demonstrate "that [his] counsel's performance was deficient" and "that the deficient performance prejudiced [him]." *Strickland v.*

-3-

*Washington*, 466 U.S. 668, 687 (1984).  The performance must have contained "errors so serious that counsel was not functioning as the 'counsel' guaranteed [Perez] by the Sixth Amendment."  *Id.* In order to succeed on this claim, Perez must show that his counsel's performance was deficient "under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotation marks omitted).

On March 31, 2010, the Supreme Court held "that counsel must inform [his] client whether his plea carries a risk of deportation." *Padilla v. Kentucky*, -- U.S. --, --, 130 S.Ct. 1473, 1486 (2010) (The court did not rule on whether counsel's failure to discuss deportation issues constituted prejudice as to the defendant.).  Thus, Perez claims that (1) he received ineffective assistance of counsel because his counsel allegedly did not inform him about the deportation consequences surrounding his plea, and (2) he can establish at an evidentiary hearing that he suffered prejudice because of his counsel's performance.  It is unclear, however, if the *Padilla* holding was meant to apply retroactively on actions of counsel made prior to March 31, 2010. No circuit court of appeals has ruled on the matter and district courts that have discussed the *Padilla* holding upon reviewing petitions for writ of error coram nobis have come to opposite conclusions.  *See United States v. Haddad*, 2010 WL 2884645 (E.D.

-4-

Mich. July 20, 2010) ("[I]t is unlikely that *Padilla* will be made retroactive to convictions under collateral attack."); *United States v. Chaidez*, 2010 WL 3184150 (N.D. Ill. Aug. 11, 2010) (finding *Padilla* applicable retroactively).

A decision of the Supreme Court should not be applied retroactively if it creates a "new rule" which "'breaks new ground or imposes a new obligation on the States or the Federal Government . . . . To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" *Miller v. Lochhart*, 65 F.3d 676, 685 (8th Cir. 1995) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). In 2006, when Perez pled guilty to his single-count indictment, failure to inform a defendant of the prospect of deportation did not necessarily constitute an error of counsel in the Eighth Circuit. *See Gumangan v. United States*, 254 F.3d 701, 706 (8th Cir. 2001). Thus, this Court is convinced that *Padilla* created a "new rule" that should not apply retroactively because such rule was not dictated in prior Eighth Circuit precedent. Moreover, with the holding in *Gumangan*, at the time of Perez's plea, it was not clear that it was a "prevailing professional norm" in the Eighth Circuit to inform a defendant of immigration consequences when pleading guilty. *Wiggins*, 539 U.S. at 521 (internal quotation marks omitted).

-5-

Thus, if this Court were to apply *Padilla* retroactively, it is unclear how it would do so in light of *Gumangan*.

Furthermore, even if *Padilla* did apply, this Court is not convinced that Perez could establish that he suffered prejudice as a result of his counsel's alleged ineffective assistance in order to satisfy the second prong of the *Strickland* test. If Perez's guilty plea is withdrawn and his judgement is vacated, then Perez's two prior distribution charges pending in Wyandotte County, Kansas, would likely be reinstated, and Perez could very well be subject to deportation even without his conviction at the federal level.

Thus, Perez has not established a claim of ineffective assistance of counsel that would entitle him to withdraw his plea of guilty and have his sentence vacated because Perez has failed to show his counsel's performance was deficient and that such deficient performance prejudiced him. Effectively, Perez's plea was constitutionally sound. A separate order will be entered in accordance with this memorandum opinion.

DATED this 9th day of November, 2010.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court